**KALISON, McBRIDE, JACKSON & HETZEL, P.C.**
25 Independence Blvd. – Suite 402
P.O. Box 4990
Warren, New Jersey 07059
(908) 647-4600
Attorneys for Defendants, Mizzone & Testa, P.A. and John A. Testa, Esq.

| | |
|---|---|
| In the Matter of:<br><br>**GIUSEPPE GIUDICE a/k/a JOSEPH GIUDICE** and **TERESA GIUDICE**<br><br>Debtor | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY NEWARK VICINAGE**<br><br>**Chapter 7**<br><br>**Case No. 09-39032-MS** |
| **MIZZONE & TESTA, P.A. and JOHN A. TESTA, ESQ.**<br><br>Plaintiffs,<br><br>v.<br><br>**GIUSEPPE GIUDICE a/k.a JOSEPH GIUDICE and TERESA GIUDICE**<br><br>Defendant | **Adversary No.** _____ |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

The plaintiffs, Mizzone & Testa, P.A. and John A. Testa, Esq. (collectively "Plaintiffs"),

file this Complaint to determine the dischargeability of particular debts owed by the defendants,

Giuseppe Giudice and Teresa Giudice (collectively "Defendants"), pursuant to 11 U.S.C. 523

and in support thereof allege as follows:

#### JURISDICTION

1.     The court has jurisdiction to hear this matter pursuant to 28 U.S.C. 157 as the

allegations contained herein concern the core proceeding under 28 U.S.C. 157(b)(2)(I), relating

to the bankruptcy case currently pending under the caption of In Re: Giuseppe Giudice aka

Joseph Giudice and Teresa Giudice, Debtor, case number 09-39032-MS, filed under Chapter 7 of

the U.S. Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. 157(a).

## PARTIES

2.      Plaintiffs bring this action as a contingent party in interest arising from

Defendants' activities relating to the inappropriate discharge of a mortgage held by Joseph

Mastropole ("Mastropole"), which has resulted in litigation by Mastropole against Defendants

and Plaintiffs, who previously served as counsel for Defendants. As Plaintiffs are entitled to file

cross-claims against Defendants in the other litigation seeking contribution and indemnification

for Defendants' wrongdoing, Plaintiffs have an interest in assuring this debt is not improperly

discharged and therefore has standing to assert these claims for relief.

3.      Defendants are individual debtors residing at 6 Indian Lane, Towaco, New Jersey

07082 who are seeking bankruptcy under Chapter 7 and confirmation of their prior discharged

debts.

## FACTUAL BACKGROUND

4.      17 Webster Place Associates, LLC has two members, Mastropole and Defendant

Giuseppe Giudice. Defendant Giuseppe served as the managing member of the limited liability

company.

5.      On or about July 27, 2005, the two members purchased a multiple unit residential

property located at 17 Webster Place, East Orange, New Jersey with the intention of renting the

units as Section 8 housing.

6.    The two members also purchased a second property located at 6 Glenwood Avenue, East Orange, New Jersey.

7.    These two properties were personally financed by Mastropole in the amount of $586,000 and secured by a blanket mortgage over both properties.

8.    In 2006, Defendant Giuseppe sued Mastropole in the Superior Court of New Jersey Passaic County Chancery Division, Docket No. C-35-07, seeking an Order requiring the transfer of ownership of 133 Union Avenue, Paterson, New Jersey from Mastropole to Defendants (the "Chancery Matter").

9.    On June 13, 2007, the parties settled the Chancery Matter by way of a Stipulation of Settlement. This stipulation was prepared by John A. Testa, Esq. of Mizzone and Testa, P.A., counsel for Defendant Giuseppe at the time.

10.    As part of the terms of the Stipulation of Settlement, on June 15, 2007, Defendants, executed a personal guaranty to pay Mastropole $586,000. Defendants paid an initial lump sum of $300,000 and were thereafter required to pay the balance of $260,000 plus interest no later than December 1, 2007. Further, Defendants agreed to pay all court costs, attorney's fees and collection costs associated with the Chancery Matter.

11.    Plaintiffs, on behalf of Defendants, prepared a discharge of mortgage for Mastropole's blanket mortgage based on Defendants' initial payment. However, Mastropole refused to sign the discharge and instead agreed to an amendment was made to the mortgage to lower the balance owed by Defendant to $260,000.

12.    Upon information and belief, on or about June 14, 2007, Defendant Giuseppe filed a fraudulent discharge of Mastropole's blanket mortgage through the assistance of other counsel, Rinzler & Rinzler, Esqs., a New York law firm.

13.    Upon information and belief, at no time did Mastropole execute a discharge of the mortgage entitling him to $260,000 under the original Stipulation of Settlement.

14.    Defendants failed to make the payments required under the Stipulation of Settlement by December 1, 2007.

15.    Thereafter, Defendants refinanced the property at 17 Webster Place, East Orange, New Jersey. Defendants were represented by Plaintiffs in that transaction.

16.    Due to the discharge of the mortgage, Matropole's lien did not appear on the title search ordered by Plaintiffs in connection with the refinance.

17.    Defendants' fraudulent discharge has resulted in damage to Mastropole and allowed Defendant to secure new mortgages since he did not have to satisfy this past obligation.

18.    Consequently, suit was instituted by Mastropole against both Defendants and Plaintiffs, along with other parties, to recover his damages in Bergen County under Docket No. BER-C-322-09 as well as in Essex County under Docket No. F-41676-09.

19.    Plaintiffs are entitled to file cross-claims against Defendants for contribution and indemnification. As such, Plaintiffs have a direct interest in Defendant's bankruptcy application and the determination of the appropriateness of the prior discharge of debt since they could be held liable for this debt should Mastropole be successful in his litigation against Plaintiffs.

## CAUSES OF ACTION

### COUNT 1 – 11 U.S.C. 523(a)(6)

20.    Plaintiffs repeat and reallege the earlier paragraphs of this Complaint and incorporate the same herein as if set forth at length.

21.    Defendants actively and knowingly concealed their fraudulent conduct through false statements, misrepresentations and omissions.

22.    In doing so, Defendants willfully and maliciously injured Plaintiffs and Mastropole for the benefit of themselves.

23.    Defendants were aware at the time of the settlement that Mastropole rejected the request that the mortgage be discharged and thus were aware that their conduct was fraudulent in proceeding with the discharge without Mastropole's approval.

WHEREFORE, Plaintiffs request the court enter judgment ordering that any debts Defendants' owe or may come to owe as a result of Plaintiffs' claims for contribution and indemnification in connection with Mastropole's litigation against Plaintiffs and Defendants as well as Defendants' debts owed to Mastropole are nondischargeable and excepted from any discharge Defendants might otherwise receive in their bankruptcy case related to this action.

### COUNT 2 – 11 U.S.C. 523(a)(4)

24.    Plaintiffs repeat and reallege the earlier paragraphs of this Complaint and incorporate the same herein as if set forth at length.

25.    Defendants agreed to the terms of the Stipulation of Settlement and were aware of their obligation to pay the balance of $260,000 by December 1, 2007.

26.    Defendants actively and knowingly chose to not meet this obligation. Instead, while maintaining that they would satisfy this obligation, they fraudulently executed a discharge of debt to eliminate the commitment under the mortgage.

27.    Defendants' conduct effectively constituted larceny as it was knowingly and actively sought to deprive Mastropole of his financial interest while permitting Defendants to enjoy the benefit and income from the properties that were obtained from the mortgage. This misconduct was done in connection with Defendants' fiduciary capacity related to the limited liability company.

WHEREFORE, Plaintiffs request the court enter judgment ordering that any debts Defendants' owe or may come to owe as a result of Plaintiffs' claims for contribution and indemnification in connection with Mastropole's litigation against Plaintiffs and Defendants as well as Defendants' debts owed to Mastropole are nondischargeable and excepted from any discharge Defendants might otherwise receive in their bankruptcy case related to this action.

**KALISON, McBRIDE, JACKSON & HETZEL, P.C.**
Attorneys for Plaintiffs,
Mizzone & Testa, P.A. and John A. Testa, Esq.


By:      */s/ Robert B. Hille*
Robert B. Hille

Dated: January 29, 2010

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the matter of:

GIUSEPPE GIUDICE and TERESA GIUDICE

Debtor

MIZZONE & TESTA, P.A. and JOHN A. TESTA, ESQ.

Plaintiff(s)

Case No. _____09-39032-MS_____

v.

GIUSEPPE GIUDICE aka JOSEPH GIUDICE and TERESA GIUDICE

Adversary No. _____

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | Clerk, United States Bankruptcy Court<br>Martin Luther King, Jr, Fed. Bldg.<br>50 Walnut Street<br>Newark, NJ 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | Robert B. Hille<br>Kalison, McBride, Jackson & Hetzel, P.C.<br>25 Independence Boulevard<br>Warren, NJ 07059 |
|---|---|

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom: |
|---|---|
| | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

James J. Waldron, Clerk

Date: _____        By: _____
Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE, IN EACH COURTROOM, AND ON THE COURT'S WEB SITE: www.njb.uscourts.gov. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

<em>rev.12/1/09</em>